# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:12cv02

| | |
|---|---|
| WILLIAM J. MOSS, III, RUDY R. MOSS, ) ) ) Plaintiffs, ) ) v. ) ) PAMELA S. NELLIS, et al., ) ) Defendants. ) _____ ) | **ORDER** |

Pending before the Court is the Unopposed Motion to Intervene as Plaintiff [# 39]. Third party Judith Tyndal moves the Court to allow her to intervene as a Plaintiff in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. As a threshold matter, the Motion to Intervene fails to comply with the requirements of the Local Rules, which require the filing of a motion and a brief. LCvR 7.1(C). Moreover, the Motion fails to demonstrate that intervention is proper under Rule 24 or even address any of the legal requirements for intervention. See Newport News Shipbuilding and Drydock Co. V. Peninsula Shipbuilders' Assoc., 646 F.2d 117, 120 (4th Cir. 1981) (setting forth the four requirements that the moving party must show before the Court can allow intervention as a matter of right); Fed. R. Civ. P. 24(b) (permissive invention is

1

only proper were the motion is timely and the movant "has a claim or defense that shares with the main action a common question of law or fact.") In fact, the Motion fails to even state whether intervention is sought as of right under Rule 24(a) or permissive intervention under Rule 24(b). Finally, it is not clear from the Motion whether Third Party Tyndal served the Motion on all the parties as provided in Rule 5. Fed. R. Civ. P. 24(c); <u>Bridges v. Dep't of Md. State Police</u>, 441 F.3d 197, 207-8 (4th Cir. 2006) Accordingly, the Court **DENIES without prejudice** the Motion [# 39]. Upon the submission of a motion and brief that complies with the Local Rules and a showing that intervention is proper under Rule 24, the Court will consider whether to allow Third Party Tyndal to intervene as a Plaintiff in this case.

Signed: July 26, 2012

Dennis L. Howell
United States Magistrate Judge