IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:12cv02

| | | |
|---|---|---|
| WILLIAM J. MOSS, III, JUDY R. MOSS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| PAMELA S. NELLIS, WILLIAM R. NELLIS, and THE BIRCHES OF WILDCAT CLIFFS, LLC, NELLIS REALTY, LLC, | ) ) ) ) ) ) | |
| Defendants and Third Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| LE BON TEMPS ROULE', LLC d/b/a APPALACHIAN GOLF CARS, LLC and WILLIAM TYNDAL, | ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

The matter is before the Court upon a motion made by a third party, that being Judith Tyndal to allow her to intervene as a Plaintiff in this action pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. In the motion, the movant states that all parties in this action consent to the intervention of the movant Tyndal. Having carefully considered the motion, the brief in support of

1

the motion and the records in this cause, the Court will allow the motion of Ms. Tyndal to intervene as a party plaintiff in this matter. (#47)

## FINDINGS AND CONCLUSIONS

**I.     Procedural Background.**  The original plaintiffs, William J. Moss, III and July R. Moss filed a Complaint (#1) on February 10, 2012 against the original defendants Pamela S. Nellis, William R. Nellis, The Birches of Wildcat Cliff, LLC, and Nellis Realty, LLC.   In the Complaint, the original plaintiffs allege they were riding as passengers in a golf cart and while doing so were injured as a result of the negligent operation of the golf cart by the defendant Pamela S. Nellis and which golf cart was owned by one or more of the other defendants. (Compl. #1, ¶¶ 9-26)   The movant now contends that she was also a passenger in the golf cart, she was injured in the same accident, and she seeks to present her complaint in this matter and be named as a party plaintiff. (#47-1)

**II.     Discussion**.   Rule 24(b)(1)(B) states as follows:

**(b) Permissive Intervention.**
    **(1)**    **In General.**  On timely motion, the court may permit anyone to intervene who:

        **(B)**    has a claim or defense that shares with the main action a common question of law or fact.

    **(3)**    **Delay or Prejudice.**  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

2

> **(c) Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

In <u>Citizens For an Orderly Energy Policy, Inc., et al., v. County of Suffolk</u>, 101 F.R.D. 497 (E.D.N.Y., 1984), the District Court set forth the requirements for permissive intervention:

> Under Rule 24(b)(2), there are three requirements for permissive intervention:
>
> (1) timely application;
>
> (2) a question of law or fact in common between the applicant's claim or defense and the main action; and
>
> (3) a determination that the intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties."

Considering whether or not the movant Tyndal's application is timely, the Court must consider four factors:

1) Length of time during which the proposed intervenor knew or reasonably should have know of its interest in the case before it petitioned for leave to intervene;

2) Degree of prejudice to the existing parties as a result of the posed intervenor's failure to move to intervene as soon as it knew or reasonably should have known of its interest;

3

3) extent of prejudice to the proposed intervenor if its position is denied;

4) the presence of unusual circumstances militating either for or against a determination that the application is timely.

Walker v. Jim Dandy Co., 747 F.2d 1360, 1365 (11th Cir. 1984)

It appears from the pleadings in this matter the movant Tyndal knew or reasonably knew of the Complaint of the plaintiffs in this matter when her husband was served with a Third-Party Complaint (#16) in this action on April 23, 2012. It appears from those pleadings the movant Tyndal's husband was also riding in the golf cart at the time of the alleged accident and may have been assisting in its operation. The movant Tyndal filed her original Motion to Intervene (#39) which was denied without prejudice by this Court on July 27, 2012. (#42) The movant Tyndal thereafter renewed her Motion to Intervene on August 13, 2012. (#47).

It does not appear there is a high degree of prejudice to the presently existing parties as a result of the proposed intervention of the movant Tyndal or movant Tyndal's failure to move to intervene as soon as she knew or reasonably could have known of the existence of the pleadings in this matter. Additionally, it is alleged the parties have all consented to the intervention of the movant Tyndal.

From the pleadings in this matter, it appears that the movant Tyndal and her husband filed a Complaint in the Superior Court of Macon County, North Carolina on April 18, 2012 concerning injuries they sustained in the golf cart accident which

they allege was caused by the same defendants in this case. It would thus appear to the undersigned that there could be two actions in regard to the same accident, one pending in Macon County Superior Court and the other one being in the United States District Court for the Western District of North Carolina. As a result, there could be some prejudice to the movant Tyndal if she were not allowed to intervene in this case and to have the entire dispute decided in one court.

The undersigned does not find the presence of any unusual circumstances militating either for or against a determination that the application is timely. In <u>Nationwide Mutual Fire Insurance Co. v. Waddell</u>, 2005 WL 2319698 (M.D. Ga. 2005), a seven month delay after a plaintiff filed its Complaint was found not to defeat the timeliness requirement. That motion was filed only three months before the end of discovery. No significant discovery has taken place in the instant action. A Pretrial Order and Case Management Plan was issued in this matter on August 17, 2012. It appears the movant Tyndal has made a timely application.

It appears there are common questions of fact between the movant Tyndal's proposed Complaint and the main action as all of the allegations contained in the proposed Complaint and the allegations contained in the main action arise out of one accident involving the same golf cart in which the original plaintiffs, the movant Tyndal, and her husband were all riding as passengers.

The undersigned has made an examination of the file so as to make a

determination that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.  It is well settled that the principal consideration in either granting or denying an application for permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.    <u>Citizens For an Orderly Energy Policy, Inc., et al., v. County of Suffolk</u>, 101 F.R.D. 497 (E.D.N.Y., 1984) It does not appear that allowing the intervention of the movant Tyndal will unduly delay or prejudice the adjudication of the rights of any of the original parties in this matter.  As stated above, the parties have agreed to the intervention of the movant Tyndal.

As a result of the foregoing, the undersigned has determined to allow the motion to intervene (#47).

## ORDER

**IT IS, THEREFORE**, **ORDERED** that:

(1)    The Motion to Intervene as Plaintiff  (#47) is **ALLOWED** and the movant Judith Tyndal is hereby made and designated as an intervenor plaintiff to this action;

(2)    The caption of this action shall be shown as follows:

William J. Moss, III and Judy R. Moss, Plaintiffs and

Judith Tyndal, Intervenor Plaintiff

6

v.

Pamela S. Nellis, William R. Nellis, The Birches of Wildcat Cliffs, LLC, and Nellis Realty, LLC,

Defendants and Third-Party plaintiffs

v.

Le Bon Temps Roule', LLC d/b/a Appalachian Golf Cars, LLC and William Tyndal,

Third-Party Defendants;

(3)     It is further **ORDERED** that the proposed pleading attached as Document #47-1 to the Motion to Intervene shall constitute the initial pleading of the intervenor plaintiff Judith Lyndal and shall be deemed to have been filed this date;

(4)     It is further **ORDERED** that counsel for the intervenor plaintiff Judith Tyndal shall forthwith issue a summons directed to each of the defendants showing service of the intervenor plaintiff's Complaint.  Plaintiff's counsel shall further serve a copy of the Complaint of the intervenor plaintiff upon counsel for the third-party defendants Le Bon Temps Roule', LLC d/b/a Appalachian Golf Cars, LLC and William Tyndal.  The defendants, the third-party plaintiffs and third-party defendants shall be allowed to respond to the Complaint of the intervenor plaintiff

Judith Tyndal as provided by law;

(5)  It is further **ORDERED** that the parties shall, within the time limits as provided by the Local Rules of Civil Procedure provide a Certification and Report of Initial Attorneys Conference and the undersigned shall then make a determination of whether or not to amend the Pretrial Order and Case Management Plan previously entered in this matter.

Signed: September 5, 2012

_____

Dennis L. Howell
United States Magistrate Judge